Dear Mr. Cedars,
As general counsel for Hospital Service District No. 2 of St. Martin Parish (the "District"), you have requested an opinion of this office regarding the District's authority to name a hospital building after the former CEO of the hospital who is still living.
According to your request, the District recently constructed a small structure on the grounds of the hospital. The new structure will serve as a place to give presentations to small groups and as a place to hold staff meetings and meetings of the District's Board of Commissioners. The structure is connected to the hospital by a covered walkway. You ask whether the structure may be named after the former CEO of the hospital who is still living.
Public buildings owned by political subdivisions, such as the District, have some limitations on who they can be named after. La.R.S.42:267(A) provides:
 A. Except as authorized or provided by law, no public building, public bridge, public park, public fish or game preserve, or public wildlife refuge owned by the state or by any political subdivision of the state or by any institution receiving its support in whole or in part from the state shall be named in honor of any living person.
The statute prohibits the naming of any public building which is built, constructed, and maintained, in whole or in part, by public funds in honor of any living person. However, his office has previously opined that a portion of a building may be named in honor of a living person without violating La.R.S. 42:267(A). See Atty. Gen. Op. Nos. 08-0244, 00-66, 88-324, 86-814. *Page 2 
We find the situation presented in your opinion request to be very similar to the situation addressed in Atty. Gen. Op. No. 02-0260. That opinion considered whether "a portion of a larger complex which is comprised of buildings which are interconnected by enclosed walls and/or walkways" may be named after a living person. The opinion stated, "[t]he situation contemplated by your question does not propose naming a portion of a building after a living person, but instead proposes to name a potion of a complex comprised of buildings after a living person. This situation is the very one that the statue is designed to prevent, and to interpret such an exception to the prohibition would circumvent the intent of the legislation." The same conclusion was reached in Atty. Gen. Op. No. 87-188. In that opinion this office concluded that a school auditorium could not be named for a living former principal, as the auditorium was a separate building located within a complex and was not a portion of a school building.
Accordingly, it continues to be the opinion of this office that naming of any public building which is built, constructed, and maintained, in whole or in part, by public funds in honor of any living person violates La.R.S. 42:267(A). Your opinion request questions whether a "small structure . . . connected to the hospital by a covered walkway" can be named after a living person. We assume that this "structure" is a new, separate building and is not a portion of the existing building (for example, a conference room or patient rooms). Therefore, the structure cannot be named after a living person because it is not a portion of the existing building, but rather, a new building.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt